IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Scott Roman Parizek, | ) | |
| | ) | **ORDER** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Rozanna C. Larson, et al., | ) | Case No. 1:22-cv-052 |
| | ) | |
| Defendants. | ) | |

On April 5, 2022, the court issued an order dismissing Plaintiffs' claims against all but two of the named Defendants pursuant to 28 U.S.C. § 1915A. (Doc. No. 11). On June 21, 2022, the court issued an order dismissing Plaintiff's remaining claims pursuant to 28 U.S.C. § 1915A. (Doc. No. 19).

On May 30, 2023, Plaintiff filed a Notice of Appeal. (Doc. No. 28). On June 1, 2023, The Eighth Circuit remanded this matter for the calculation and collection of the appellate filing fees. (Doc. No. 31).

On June 9, 2023, the court received a letter from Plaintiff. (Doc. No. 33). In his letter, Plaintiff reiterated his claims and requested that the court refund the civil filing fee assessed in this case as well as another case he filed that had also been dismissed by the court pursuant to 28 U.S.C. § 1915A.

On June 12, 2023, Plaintiff filed an Application to Proceed in Forma Pauperis. (Doc. No. 34). The court construes this as a request for leave to proceed with his appeal without prepayment of fees.

1

The Prison Litigation Reform Act ("PLRA") provides that a prisoner who brings a civil action "shall be required to pay the full amount of a filing fee" as provided in 28 U.S.C. § 1915(b). "The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time." Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998). Nothing in the PLRA permits suspension or waiver of the monthly installment payments required by § 1915(b)(2). See Ippolito v. Buss, 293 F. Supp. 2d 881, 883 (N.D. Ind. 2003) (holding that the court could not postpone prisoner's obligation to make monthly installment payments as required by § 1915(b)); Jackson v. N.P. Dodge Realty Co., 173 F. Supp. 2d 951, 955 (D. Neb. 2001) (stating that nothing in the PLRA authorizes the court to stop collection of the filing fee once a prisoner is permitted to proceed *in forma pauperis*). Consequently, the court cannot reduce, waive, or return Plaintiff's civil filing fees.

With respect to Plaintiff's appeal, it is apparent from Plaintiff's letter, that he is still intent on pursuing it. (Doc. No. 33). Pursuant to 28 U.S.C. § 1915(b), he is required to pay the appellate filing fee of $505.00. Based upon the information contained in the application to proceed without prepayment of fees, dated March 2, 2022, no partial filing fee will be assessed for this appeal. However, Plaintiff will be obligated to make monthly payments in an amount established by 28 U.S.C. § 1915(b)(2) until the filing fee is paid in full. The full fee will be collected even if the Court dismisses the appeal because it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

**IT IS ORDERED** that:

1) Plaintiff's request Plaintiff's request for a refund (Doc. No. 33) is **DENIED**.

2) Plaintiff's request for leave to proceed without prepayment on appeal (Doc. No. 34) is **GRANTED**. Plaintiff is not assessed an initial partial filing fee. However, Plaintiff shall pay the filing fee in installments to the Clerk of the District Court from his inmate spending account in accordance with the payment plan set forth in 28 U.S.C. § 1915(b)(2). The institution where Plainitff is incarcerated is required to post payments in an amount of 20% of each future month's income placed in Plaintiff's inmate spending account. Payments shall be made each time the amount in Plaintiff's account exceeds $10.00 and continue until the statutory filing fee of $505.00 is paid in full.

3) A notice of this obligation shall be sent to Plaintiff and the appropriate prison official(s).

Dated this 16th day of June, 2023.

> /s/ Clare R. Hochhalter
> Clare R. Hochhalter, Magistrate Judge
> United States District Court