**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Scott Roman Parizek, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Rozanna C. Larson, et al., | ) | Case No. 1:22-cv-052 |
| | ) | |
| Defendants. | ) | |

Plaintiff initiated the above-captioned action pro se by complaint against Ward County State's Attorney Rozanna Larson, Assistant Ward County State's Attorney Leah Viste, McHenry County State's Attorney Joshua Frey, Ward County Sheriff Bob Roed, McHenry County Sheriff Trey Skager, and Judges Michael Hurley and Douglas Mattson in their official and individual capacities. (Doc. No. 6). The court screened the complaint as required by 28 U.S.C. § 1915A and on April 5, 2022, issued an order that: (1) dismissed Plaintiff's claims against States Attorneys Larson and Frey, Assistant States Attorney Viste, Judge Hurley, Judge Mattson, and the State of North Dakota with prejudice; and (2) granted Parizek leave to amend his claim against Sheriffs Roed and Skager. (Doc. No. 11)

On April 18, 2022, Plaintiff filed what the court construed as an amended complaint. (Doc. No. 13). On May 4, 2022, he filed what the court construed as a supplement to his amended complaint.  (Doc. No. 17).  Upon screening the amended complaint and supplement and finding them deficient, the court issued an order on June 21, 2022, dismissing Plaintiff's remaining claims against Sheriffs Roed and Skager with prejudice. (Doc. No. 19).  Judgment was entered that same day.  (Doc. No. 20).  The Eighth Circuit denied Plaintiff's subsequent appeal for lack of jurisdiction.

1

(Doc. Nos. 38-39).

On July 19, 2023, the court received two letters from Plaintiff in which he states that he wants to refile the above-captioned action as it relates to Sheriffs Roed and Skager.  (Doc. Nos. 42 and 43).  The court liberally construes these letters as motions for relief from the court's judgment pursuant to Fed. R. Civ. P. 60(b).

Rule 60(b) "grants federal courts broad authority to relieve a party from a final judgment 'upon such terms as are just,' provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." Liljeberg v. Health Serv.Acquisition Corp., 486 U.S. 847, 863 (1988). However "[r]elief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." Harley v. Zoesch, 413 F.3d 866, 871 (8th Cir. 2005).  A Rule 60(b) motion "is not a vehicle for simple reargument on the merits." Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999).

The court has carefully reviewed Plaintiff's motions and finds that Plaintiff has failed set forth any "exceptional circumstances" that prevented him from fully litigating his claims or receiving adequate redress.  Plaintiff is simply regurgitating the facts forming the basis for his claims he asserted in his amended complaint and which the court has addressed.  Consequently, he is not entitled to relief under Rule 60(b).  See Maddox v. Zera, No. CV 20-2377 (JRT/HB), 2021 WL 3711054, at *3 (D. Minn. Aug. 20, 2021).  Accordingly, Plaintiff's motions (Doc. Nos. 42 and 43) are **DENIED**.

**IT IS SO ORDERED.**

Dated this 26th day of July, 2023.

/s/ Clare R. Hochhalter
Clare R. Hochhalter, Magistrate Judge
United States District Court